Arthur Kleinfelder, Jr. v. Commissioner.
Kleinfelder v. Commissioner
Docket No. 57735.
United States Tax Court
T.C. Memo 1956-282; 1956 Tax Ct. Memo LEXIS 1; 15 T.C.M. (CCH) 1465; T.C.M. (RIA) 56282; December 31, 1956
Donald S. Frey, Esq., for the petitioner. Thomas J. Donnelly, Jr., Esq., for the respondent. KERN Memorandum Findings of Fact and Opinion Respondent determined deficiencies in Federal income taxes against petitioner for the years 1951 and 1952 in the respective amounts of $544.66 and $644.07. In his returns for those years petitioner reported as "wages and living allowances" received from his employer $7,800 in 1951 and $7,950 in 1952 from which he deducted, in ascertaining and reporting his "adjusted gross income", the amounts *2 of $2,423 and $2,584 as "expenses incurred in course of employment away from home." The respondent disallowed these deductions under sections 23(a) and 24(a) of the Internal Revenue Code of 1939, but granted additional standard deductions for the years in question to bring such deductions to the maximum allowable amounts of 10 per cent of adjusted gross income. Respondent also determined that for 1952 petitioner was not entitled to compute his tax "under head of household rates * * *." The petition alleged error on the part of respondent with regard to the disallowance of the deductions made by petitioner in ascertaining and reporting his "adjusted gross income" for the taxable years and with regard to respondent's determination that petitioner was not entitled to compute his tax for 1952 under head-of-household rates. At the trial herein, petitioner requested and was granted leave to amend his petition as follows: If petitioner should not be allowed to reduce his gross income by deducting therefrom the "expenses incurred in course of employment away from home", above referred to, in ascertaining his "adjusted gross income", then petitioner contends that itemized deductions should *3 be allowed, in lieu of the standard deductions taken, in the following amounts for each of the taxable years: Contributions
$ 100
Interest
200
Taxes
175
Depreciation on car
900
Lodging, meals, and other
expenses while away from
Chicago on business
720
Operation of car
99
Professional societies and
educational courses
$ 100
Medical expenses
1,000 (less 5 per
cent of gross
income)
Petitioner has not filed any written amendment to the petition. See Rules of Practice, Rule 17(a). At the close of the trial herein, on motion of petitioner, the Court directed that the record be held open for 60 days within which time petitioner might take and submit depositions. No depositions have been submitted and respondent states, on brief, that none have been taken. Petitioner has not filed any brief herein, although the original due date for briefs was September 28, 1956, and no motion for an extension of time within which to file briefs has been filed by counsel for petitioner. Findings of Fact Petitioner filed Federal income tax returns for the taxable years with the director of internal revenue at Richmond, Virginia. He was unmarried and prior to 1945 *4 resided with his mother and grandmother in Norfolk, Virginia. In the fall of 1945 petitioner was employed by the Raymond Concrete Pile Company as a field clerk. In connection with this employment, his employer stated: "We would expect you to be willing to go anywhere that we might want to send you and at any time * * *." After various short assignments to jobs in New York, Gloucester City, New Jersey, Wilmington, Delaware, and Norfolk, petitioner was sent to Chicago in 1946 where he was put in charge of the test boring department of Raymond Concrete Pile Company, servicing a large area of the middle west and having headquarters in Chicago. In connection with this work, petitioner handled sales negotiations, superintendence of work in progress, examination of samples, the analysis, supervision, and drawing up of reports, and the making of recommendations. He worked under the general supervision of his employer's district manager in Chicago, but was also responsible to other company executives in New York. He remained in this position until he voluntarily left the employ of the Raymond Concrete Pile Company in 1953 in order to go into a similar business of his own. On several occasions *5 during petitioner's employment by the Raymond Concrete Pile Company he asked company executives whether his assignment to Chicago was permanent, and was told that he must consider his employment there as subject to transfer. Petitioner's employment in Chicago during the taxable years was of indefinite duration and its termination within a short period could not have been foreseen during those years. During 1951 and for many years prior thereto petitioner's mother and grandmother lived in Norfolk, Virginia, and resided in a house, the title to which was in petitioner's mother. Petitioner contributed generously to their support. Petitioner's grandmother died early in 1952 and in February of that year his mother came to Chicago and resided with petitioner there in an apartment. Both petitioner's mother and grandmother were dependents of petitioner. While petitioner's grandmother and mother lived in Norfolk petitioner visited them occasionally. In his income tax returns for 1951 and 1952 petitioner deducted all his expenses for meals, lodging, and garaging his automobile while in Chicago, and also the cost of transportation to and from Norfolk on seven trips made there. During the *6 taxable years 1951 and 1952, Raymond Concrete Pile Company had a plan for reimbursement of employees for travel expense and for the use of their personal automobiles. Under this plan the employees were reimbursed for all travel expenses, and were reimbursed at the rate of 8 cents per mile for the use of their personal automobiles. During the taxable years 1951 and 1952, the petitioner was paid not less than the respective amounts of $471.37 and $247.88 under this plan of reimbursement for travel expenses. The petitioner spent approximately 90 per cent of his working time either in the Chicago offices of the Raymond Concrete Pile Company or somewhere in the greater Chicago area. When petitioner traveled for Raymond Concrete [Pile] Company, the expenses of transportation were paid for directly by the company, and the only expenses not paid for directly were costs of hotel and meals. Petitioner did not include in income on the income tax returns filed by him for the taxable years 1951 and 1952 any of the amounts received by him from Raymond Concrete Pile Company for traveling expense or for reimbursement for the use of his personal automobile. Petitioner's deductible expenses *7 during the taxable years, if itemized, were not in excess of the amounts of the standard deductions allowed by respondent. Petitioner's principal place of business during the taxable years was Chicago, Illinois, where his employment was of indefinite duration. Opinion KERN, Judge: The primary issue presented by the petitioner herein is whether petitioner correctly deducted from his gross income for the taxable years amounts representing the cost of meals, lodging, garaging of his automobile, and his travel to and from Norfolk in ascertaining his adjusted gross income under sections 22(n) and 23(a)(1)(A) of the Internal Revenue Code of 1939, or whether respondent is correct in his determination that these amounts constituted personal, living, or family expenses which were not deductible under section 24(a)(1). The solution of this question depends on whether petitioner's employment in Chicago, Illinois, during the taxable years was so temporary in nature that petitioner could not reasonably have been expected to establish a residence at his place of employment. See James E. Peurifoy, et al., 27 T.C. (filed October 31, 1956). The facts herein clearly show that petitioner's *8 employment in Chicago was of indefinite duration during the taxable years. He had worked there since 1946, and there is nothing in the record to indicate that he could not have retained this employment indefinitely if he had chosen to do so. While admitting that his employment in Chicago was "on indefinite arrangements", petitioner argues that since his employer refused to state categorically that his assignment to Chicago was permanent and retained the right to transfer him to another territory he remained on travel status, even though he had been in Chicago since the first part of 1946 and there was never any mention made of a date when he would leave Chicago. This argument is without validity. See Beatrice H. Albert, 13 T.C. 129. Assuming that there is properly before us the question of whether petitioner is entitled to take certain itemized deductions in lieu of the standard deductions allowed to him for the taxable years, we are of the opinion that petitioner has failed prove that the amounts of such deductions to which he is entitled are in excess of the amounts of the standard deductions already allowed to him. The issue of whether petitioner is entitled to *9 compute his tax for 1952 under head-of-household rates, as provided by section 12(c)(3) of the Internal Revenue Code of 1939, is decided in favor of petitioner. He maintained an apartment in Chicago in which his dependent mother resided with him. Decision will be entered under Rule 50.